UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 1:23-cr-77-JRS-MJD |
| ZACHARY NICHOLS, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), hereby submits the following Sentencing Memorandum in support of a sentence of 42 years' imprisonment followed by a lifetime of supervised release in the above-captioned matter.

**I.      Introduction**

For years, Zachary Nichols used and sexually abused Minor Victim 1 in the most horrific of ways. Nichols abused his position of trust in Minor Victim 1's family and gained unfettered access to Minor Victim 1 when he was incredibly young. Beginning in at least 2016, when Minor Victim 1 was prepubescent, Nichols began molesting Minor Victim 1.[1] Minor Victim 1 couldn't escape the abuse as he was often in Nichols' care, custody, and control, and so it continued for years until Nichols was caught and Minor Victim 1 was a teenager. By then, Nichols had begun supplying Minor Victim 1 with methamphetamine. Indeed, Minor Victim 1 was nearly

---

[1] Minor Victim 1 reported the abuse began much earlier when he was only 6 years' old.

1

incapacitated as a result of his drug use in some of the child sex abuse material that Nichols created. When Minor Victim 1 was around 15 years' old, Nichols began trading him for narcotics. Nichols brought Minor Victim 1 to his drug dealer, Dustin Cox, and allowed Cox to sexually abuse Minor Victim 1 in exchange for methamphetamine.[2]

The trauma Nichols has caused to Minor Victim 1 is unfathomable, and the criminal abuse he endured for years will forever shape this now young man's life. A sentence of 42 years is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the community from Nichols, and to afford adequate deterrence to criminal conduct.

## II. Procedural Background

On August 17, 2022, Nichols was charged in a three-count complaint with sexual exploitation of a child. On May 18, 2023, the Grand Jury indicted Nichols charging him with two counts of Sexual Exploitation of a Child, in violation of Title 18, United States Code, Section 2251(a), and Sexual Exploitation of a Child – Permitting or Assisting by a Parent or Guardian, in violation of Title 18, United States Code, Section 2251(b).

On April 12, 2024, the parties filed a Petition to Enter a Plea of Guilty in which Nichols would plead guilty to all three counts in the Indictment. His sentencing is scheduled for May 2, 2024, at 1:00 p.m.

## III. The Presentence Investigation Report

The Revised Final Presentence Investigation Report ("PSR") correctly concluded that Nichols' offense level is 43, and he has a criminal history category of I. (Dkt. 57). Accordingly, Nichols' anticipated sentencing guidelines range is Life. Pursuant to the Government's under seal

---

[2] Dustin Cox has been charged in *United States v. Dustin Cox* in an Information at 24-cr-00068-MPB-TAB. On April 25, 2024, the Government filed a motion to assign a related case.

filing of April 25, 2024, the United States has agreed to ask for a sentence of no more than 42 years' imprisonment and a Lifetime of Supervised release to follow.

For Counts 1, 2, and 3, the minimum term of imprisonment is 15 years' imprisonment and the maximum term is 30 years per count. 18 U.S.C. § 2251(e). The Court shall impose a term of supervised release of five years to life, on each count to run concurrently. 18 U.S.C. § 3583(k). To date, the parties have no objections to the Revised PSR or the Sentencing Guideline Calculations.

## IV. Title 18, United States Code, Section 3553(a) Factors

### A. The Nature and Circumstances of the Offense

Nichols is 30 years' old. Minor Victim 1 has a date of birth in the fall of 2005. Dating back to at least 2016, Nichols was in a relationship with a relative of Minor Victim 1, known as Witness 1.[3] In 2020-2021, Minor Victim 1 lived with Nichols and Witness 1 in Indianapolis, in the Southern District of Indiana. Beginning no later than December 18, 2016, Nichols began grooming and sexually abusing Minor Victim 1 when Minor Victim 1 was only 11 years' old. His abuse took place both in Indianapolis and in the Northern District of Indiana.

During times when Minor Victim 1 was in the physical custody of Nichols, Nichols engaged in sexual contact with Minor Victim 1 including oral-genital and anal-genital sexual intercourse with Minor Victim 1. Nichols masturbated the genitals of Minor Victim 1, and lasciviously display the uncovered genitals, pubic area, and / or anus of Minor Victim 1. On the charged occasions and on multiple other occasions, Nichols engaged in these acts so that he could take photos or videos of Minor Victim 1 engaged in this sexually explicit conduct.

---

[3] The witness' relationship with Minor Victim 1 and Nichols will be disclosed during the hearing.

3

Beginning on a date unknown, but as early as February 1, 2020, and continuing until at least September 1, 2020, Nichols brought Minor Victim 1 to see Dustin Cox, knowing that both Nichols and Cox would engage in sexually explicit conduct with Minor Victim 1, including sex acts and sexual contact. Cox was a convicted sex offender. On some occasions, including that charged in Count 3, Nichols and Cox used Minor Victim 1 to engage in sexually explicit conduct for the purpose of creating a visual depiction of such conduct. During those encounters, Nichols received methamphetamine from Cox, who was his drug dealer, and both men provided Minor Victim 1 with methamphetamine. Nichols received the narcotics from Cox in exchange for bringing Minor Victim 1 to engage in sexually explicit conduct with Cox. Nichols also received child sex abuse material via the MEGA application from Cox.

As set forth in the Information and plea, Nichols did knowingly use Minor Victim 1 to engage in sexually explicit conduct for the purpose of producing the following visual depictions, among others:

    i. Count 1: On or about June 6, 2022, Nichols created the following visual depiction using Minor Victim 1:

> Video **20200606_231228-at-2020-06-07T04_36_19Z-unpinned** depicts ZACHARY NICHOLS and another adult male engaged in oral-genital sexual intercourse with Minor Victim 1.

    ii. Count 2: On or about May 18, 2022, Nichols created the following visual depiction using Minor Victim 1:

> Video **20200518_230331.mp4** depicts ZACHARY NICHOLS engaged in oral-genital and anal-genital sexual intercourse with Minor Victim 1.

    iii. Count 3: On or about July 11, 2020, Nichols knowingly permitted Minor Victim 1 to engage in sexually explicit conduct with another adult for the

purpose of producing any visual depiction of such conduct, as depicted in videos **20200711_112859-1hgdpnvfocws2** (which video shows an adult male engaged in anal sexual intercourse with Nichols and shows Nichols placing his penis in the mouth of Minor Victim 1) and **20200711_113320** (which video shows an adult male engaged in anal sexual intercourse with Minor Victim 1, as Nichols touched Minor Victim 1's penis)**.**

Law enforcement served a search warrant for contents of Nichols' Gmail account and the data showed Nichols possessed multiple image and video files depicting Minor Victim 1 engaged in sexually explicit acts. The image and video files show media creation dates ranging from April 26, 2020, to August 8, 2020. Most of the files have accompanying geo-location data, specifically indicating they were created within the 700 block of North Somerset Avenue, Indianapolis, Indiana 46222, and the 2100 block of Webb Street, Indianapolis, Indiana 46225.

On July 26, 2022, Detective Wuensch and TFO Cress interviewed Minor Victim 1. They learned his identity based on prior child protection and police reports related to a 2019 investigation of Nichols for sexually abusing Minor Victim 1. Minor Victim 1 disclosed the following:

    i. Zachary Nichols sexually abused Minor Victim 1 since the age of 6, while at various locations within the Northern District of Indiana and in Indianapolis, Indiana. Minor Victim 1 lived with Nichols and Witness 1 in the Northern District of Indiana and Indianapolis, Indiana. At one-point, Minor Victim 1 was listed as a runaway and moved to Indianapolis with Nichols and Witness 1.

ii. Minor Victim 1 described engaging in oral and anal sexual intercourse with Nichols, as Nichols used a cell phone to record some of the sexually explicit conduct.

iii. Minor Victim 1 accompanied Nichols on multiple occasions wherein Nichols had Minor Victim 1 engage in sexual contact with other adult males that Nichols met using mobile dating applications. Minor Victim 1 engaged in sexual contact with Nichols' drug dealer. Nichols provided Minor Victim 1 illegal drugs.

iv. Minor Victim 1 has also seen multiple files of what Minor Victim 1 considered to be child pornography on Nichols' cell phone and laptop computer.

v. Minor Victim 1 identified himself from some of the sanitized images created from sexually explicit videos located in Nichols' Google account.

According to Witness 1, she had known Nichols for several years. She began a romantic relationship with Nichols in approximately 2015, and they resided in the Northern District of Indiana. On multiple occasions, Minor Victim 1 lived with them. Witness 1 moved to Indianapolis with Nichols during 2018. In early 2020, Minor Victim 1 moved to Indianapolis, where he lived with her and Nichols. She allowed Minor Victim 1 to live with them at two separate locations while in Indianapolis.

i. Witness 1 used narcotics on several occasions while living with Nichols and considered herself to be "high all the time on meth."

ii. On multiple occasions at both residences, she observed Nichols having anal sexual intercourse with Minor Victim 1.

iii. Witness 1 has previously observed sexually explicit images and video files of Minor Victim 1 and other unidentified child pornography on Nichols' cell phone and laptop. She noted there were also additional files of Nichols engaged in sexual acts with Minor Victim 1.

On August 25, 2022, TFO Cress and Det. Wuensch arrested Nichols in Illinois. He was in possession of a black iPhone cell phone, which was seized and later examined pursuant to a search warrant.

Police interviewed Nichols after advising him of his Miranda rights. The interview was recorded by video and audio. Among other information, Nichols disclosed the following:

i. Nichols admitted to repeatedly engaging in oral sex and anal sex with Minor Victim 1 during 2020-2021 in Indianapolis, Indiana, while living at two different locations.

ii. Nichols took images and videos of Minor Victim 1 engaging in various sexual acts with Nichols while using an android-style cell phone.

iii. Nichols also identified an adult male, Cox (identified in the plea agreement as Male 1), who is shown in multiple videos having oral and anal sex with Minor Victim 1. Cox supplied Nichols and Minor Victim 1 with methamphetamine. Nichols also received child pornography from Cox, using the MEGA online storage mobile application.

iv. Nichols admitted that there were sexually explicit videos of Minor Victim 1 on his current cellular device, the black iPhone and he provided the four-digit passcode for the device as well.

On Nichols' cell phone and in Nichols' Google account, data showed that Nichols used Minor Victim 1 to engage in sexually explicit conduct for the purpose of creating a visual depiction of the conduct. Nichols did this on multiple occasions dating back to at least December 18, 2016. Minor Victim 1 would have been 11 years old at the time of the December 18, 2016 video. The 2016 video was, however, produced in the Northern District of Indiana.

### B. History and Characteristics of the Defendant

Nichols' history and characteristics are both aggravating and mitigating. The mitigating factors set forth in the PSR will be addressed further at sentencing. In mitigation, and in short summary, Nichols suffered from neglect and abuse as a child, and has a history of mental health struggles.

In aggravation, if the information in the PSR is correct, then Nichols knows all too well the pain sexual exploitation causes. And yet, he chose to inflict that pain on Minor Victim 1. No doubt Mr. Nichols carries significant scars as a result of his upbringing, but he chose to pass on that pain to an innocent kid who simply wanted to feel love and acceptance.

### C. Reflect the Seriousness of the Offense

This offense is incredibly serious. Nichols sexually abused Minor Victim 1 for at least 6 years, perhaps more. Minor Victim 1 had no ability to escape and endured the abuse in two districts. Making matter worse, Nichols supplied this child with a deadly and addictive narcotic that rendered him even more helpless. He treated Minor Victim 1 like a commodity and not a human being by trading Minor Victim 1's sex acts in exchange for sex acts with a drug dealer. There are no words strong enough to adequately encapsulate the intentional and soul-destroying impact Nichols' crimes have had on Minor Victim 1.

### D. Afford Adequate Deterrence

The frequency of this type of criminal conduct in the country in general and the Southern District of Indiana in particular demands a serious sentence to deter this behavior and send a message to others contemplating committing crimes against children that this conduct will not be tolerated. Nichols' sexual interest in children is longstanding and pervasive. Specific and general deterrence is of great importance here. He not only offended on Minor Victim 1, but he exploited the many children who were depicted in the voluminous child pornography that he received and possessed from Cox.

### E. Safety of the Community and Specific Deterrence

The public needs protection from Nichols. This is not a crime in which Nichols will age out—he will continue to have a strong, sexual interest in children for the rest of his life. Children need to be protected from Nichols which is why a sentence of 42 years and a Lifetime of Supervised Release is necessary.

## V. Restitution

The defendant agrees to pay Minor Victim 1, as identified in the stipulated factual basis below, $20,000 for the harm he proximately caused to Minor Victim 1 as a result of his criminal offenses.

**Conclusion**

A sentence of 42 years and a Lifetime of supervised release is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the community from Nichols, and to afford adequate deterrence to criminal conduct. Nichols has destroyed his child's life. He will feel the impact of Nichols' crimes for a lifetime.

ZACHARY A. MYERS
United States Attorney

By: */s/ Tiffany J. Preston*
Tiffany J. Preston
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Email: Tiffany.Preston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2024, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. A copy has also been provided to counsel of record via electronic mail.

By: */s/ Tiffany J. Preston*
Tiffany J. Preston
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Email: Tiffany.Preston@usdoj.gov